CASE 46—ORDINARY—OCTOBER 5, 1883.

## Bowman v. Simms, &c.

APPEAL FROM M'CRACKEN COMMON PLEAS COURT.

1. The covenant sued upon contains a special contract as distinguished
from an indemnity.
2. The statute of limitations applies to the demand as stated.

Bowman v. Simms, &c.

BIGGER & REID FOR APPELLANT.

1. The court erred in adjudging that this case is governed by chapter 97, Revised Statutes.
2. We maintain that the provisions of the Revised Statutes, chapter 63, article 4, control the case, and appellees are not released by limitation.

L. D. HUSBANDS AND HENRY BURNETT FOR APPELLEES.

1. We earnestly contend that the appellant's demand is barred by the statute of limitations. The time at which appellant may have paid some of the debts of Bowman & Co., subsequent to the date of the bond, is immaterial. His right of action to compel payment was complete and perfect before he paid anything whatever.
2. We maintain that this case must be governed by chapter 97, Revised Statutes, and not by chapter 63, article 4, of the Revised Statutes.

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

The principal question in this case is, whether the surety in the following obligation is released by lapse of time :

"We, the undersigned, bind ourselves to pay the indebtedness of the firm of Bowman & Co., Woodville, Kentucky, the said firm being composed as follows, to-wit: J. H. Bowman, R. S. Hill, and James Stovall, the indebtedness of said firm being six thousand and six hundred dollars, and interest, and a portion of that amount for seven months and some about one month. We bind ourselves to pay the same so soon as possible, and we further bind ourselves to accept and pay any acceptances that J. H. Bowman may draw on us to the amount as above, or any amount less the amount we have at any time not paid, the said Bowman only drawing on us at such time as he may think proper, and giving the creditors of said firm a fair and equal settlement. This October 3d, 1860."

Under the statute in this state, the surety is released from liability after seven years from the time a cause of action accrued against him. The question is as to when a cause of action accrued.

If the contract is one of indemnity to appellant, the cause of action did not accrue until he had been compelled to pay the debts against which he was indemnified; but if the contract is special, the statute runs from the breach thereof, and not from the time of damage resulting from a breach. In this case the undertaking appears to be a special contract as distinguished from an indemnity, and as the action was not instituted until the 8th of March, 1869, and a cause of action arose, at the furthest, within seven months of the date of the execution of the bond, the statute applies. (Chitty on Contracts, vol. 2, pp. 1231, 1233; Angell on Limitation, chap. 12, secs. 128, 137; 8 Meeson & Welsby, 688; 21 Arkansas, 293; 3 Johnson, 137.)

Judgment affirmed.