Reversing.
L.P. May was the sheriff of Floyd county for the term beginning in January, 1910. In the year 1911 Carl Ford was duly appointed as one of his deputies and executed to him with Ed Ford and M.L. Ford as his sureties the following bond:
 "L.P. May, sheriff of Floyd county, Kentucky, having caused Carl Ford to be appointed deputy sheriff for said L.P. May, sheriff aforesaid, and having required a bond of said Carl Ford, now we, Ed Ford and M.L. Ford, sureties, bind ourselves unto the said L.P. May that the same Carl Ford will perform the duties of said office and that he will collect and pay over to said L.P. May all tax which is placed in his hands for collection and that he will collect all other debts which may be placed in his hands for collection and pay over to the proper persons all money or other things of value collected by him as deputy sheriff and that they will pay to the said L.P. May all damages he may sustain by reason of said appointment.
"Given under our hands this August 23, 1911.
 "CARL FORD (seal). ED FORD (seal). M.L. FORD, (seal)."
May as sheriff placed in the hands of Carl Ford as his deputy certain taxes to collect in the year 1911. On January 16, 1919, May brought this suit against the administrators of Carl Ford and of M.L. Ford and against *Page 233 
Ed Ford to recover $1,785.49, with six per cent interest from January 1, 1912, alleging that the taxes amounted to $6,268.90, and that Carl Ford had accounted for only 4,483.41, leaving a balance due him on January 1, 1912, of $1,785.49. The action was dismissed as to the administrators for want of proper demand before suit, and October 7, 1919, he brought a second suit against the administrators and this action was consolidated with the prior action against Ed Ford. The defendants filed answer denying the allegations of the petition and the sureties pleaded the seven years statute of limitation. The plaintiff then amended his petition and alleged that the allegation of his petition that the demand became due January 1, 1912, was a mistake; that in truth the demand did not mature or become due until March 1, 1912, and judgment was prayed for the amount due with interest from March 1, 1912. The issues were made up; proof was taken and on final hearing the circuit court entered judgment in favor of the plaintiff. The sureties appeal.
By the terms of the bond the sureties undertake that "Carl Ford will perform the duties of said office and that he will collect and pay over to said L.M. May all tax which is placed in his hands for collection, . . . and that they will pay to the said L.P. May all damages be may sustain by reason of said appointment" of Carl Ford as deputy. It was the duty of the sheriff to collect and pay over these taxes by January 1, 1912. As to the state taxes the statutes contained this provision:
 "The sheriff shall be required by the auditor to pay a penalty of six per centum on all taxes due and unpaid by him on the first day of January in each year. The auditor, in his settlement with the sheriff, shall charge him with the several penalties accruing under the provisions of this act." Ky. Stats., sec. 4143.
As to the county taxes the statutes contained this provision:
 "The sheriff or collector shall be required by the fiscal court to pay a penalty of six per centum on the amount of all taxes levied by the said court that shall be uncollected, if collectible, or if collected, shall not have been paid by him on proper demand to the parties or funds entitled thereto, on the first day of January in each year after he was required to collect such taxes, which penalty shall *Page 234 
inure to the benefit of the county." Ky. Stats., sec. 4147.
By section 4148, Kentucky Statutes, these taxes were due and payable March 1, 1911. As deputy sheriff it was the duty of Ford to collect these taxes and pay over the money before January 1, 1912. Section 22551, Kentucky Statutes, provides:
 "A surety in any other obligation or contract, other than those provided for in the next two preceding sections, shall be discharged from all liability thereon, when seven years shall have elapsed without suit thereon, after the cause of action accrued."
A bond like that sued on is not provided for in the preceding sections and falls under this section. By the terms of the statute the surety is released, "when seven years shall have elapsed without suit thereon after the cause of action accrued." The rule as to when a cause of action accrues is thus stated in 37 C. J., p. 810:
 "`The accrual of the cause of action' means the right to institute and maintain a suit, and whenever one person may sue another a cause of action has accrued and the statute begins to run, but not until that time."
In 17 It. C. L., p. 782, following a number of decisions of this court the rule is thus stated:
 "But where action can be brought against the sureties on the bond of an officer for his misfeasance in office at the same time it is brought against him, the statute of limitations also begins to run in their favor from the time the cause of action against him accrues."
Plainly the cause of action against Carl Ford accrued on January 1, 1912, for May might then have sued Carl Ford for his failure to collect and pay over this money, and his sureties might then have been sued by May for the money. This being true the plaintiff's cause of action for the failure to collect and pay over this money accrued then. In Colter v. Morgan, 12 B. M. 278, where the suit was upon a bond similar to that here, the court thus stated the rule:
 "If the deputy collected money and failed to pay over, according to law, whereby a liability was *Page 235 
imposed upon his principal, the latter had a right to institute an action immediately upon the bond of indemnity, without waiting to be sued himself, and without having first discharged the liability."
But it is earnestly insisted that though the plaintiff lost his cause of action which accrued to him on January 1, 1912, the fact is that the sheriff did not pay out this money until March 1, 1912, and that then for the first time a cause of action accrued to him upon the clause of the bond by which the obligors undertake "that they will pay to the said L.P. May all damages he may sustain by reason of said appointment." The rule is well settled that upon a bond of indemnity no action accrues until the damage is sustained, and L.P. May had no cause of action upon this clause of the bond until he paid out the money. But it is the same money that lie had a right to recover under the preceding clauses of the bond on January 1, and be could not by postponing the payment of the money lengthen the time in which be could bring an action against the sureties. He had a right to sue for this money on January 1, under the bond. The bond is in entirety and the cause of action having accrued under one clause of the bond, the running of the statute was not delayed by his failure to pay the money then. The bond here, as in Bowman v. Simms, 81 Ky. 302, is more than a bond of indemnity. It is also an undertaking that the obligors will pay the money when due, and this they did not do. We therefore conclude that the sureties are released by limitation. The action was not brought "within seven years after the cause of action accrued."
Judgment reversed and cause remanded for a judgment as above indicated.